UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JINGTAO WU (A No. 245 788 911),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-5964 DC CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the California City ICE Detention Facility, proceeds with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging that detention.[1] For the reasons which follow, the court recommends that the petition be GRANTED.

I. Background

Petitioner is a native and citizen of China. ECF No. 6 at 3. He entered the United States on or about February 2, 2024, at Tecate. ECF No. 6 at 17. He was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), ordered to appear for removal proceedings on

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

April 15, 2025, and released into the United States. ECF No. 6 at 17. Petitioner has an application for asylum pending. ECF No. 6 at 5. His next hearing is February 3, 2028. Id. He is authorized to work in the United States. ECF No. 1 at 29.

On July 3, 2026, petitioner was arrested for misdemeanor driving under the influence. ECF No. 6 at 11. The facts underlying the arrest are not entirely clear except that petitioner was arrested after parking his car outside his house. EFC No. 1 at 21. Upon his release from Los Angeles County custody, he was arrested by ICE and remains in ICE detention. ECF No. 6 at 4. It is not clear if petitioner has been charged with driving under the influence and it does not appear petitioner has any other criminal record.

II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. Violation of Fifth Amendment

As indicated above, petitioner appeared at the border without authorization to enter but was permitted to enter by immigration officials. Such release "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." Saravia v. Sessions, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017). As the court has held numerous times, petitioner's release "created a reasonable expectation that he would be entitled to retain his liberty as long as he was not a flight risk and did not pose a danger to the community." E.g. Martinez v.

Chestnut, No. 1:25-cv-1826 TLN CKD P, 2026 WL 121221, *3 (E.D. Cal. Jan. 16, 2026).

As a result of this liberty interest subject to Fifth Amendment protection, petitioner was entitled to a hearing before an immigration judge either prior to or contemporaneous with arrest by ICE which would have resulted in petitioner's release unless the government showed by clear and convincing evidence that a change in circumstances rendered petitioner either an unacceptable risk of flight or danger to the community. E.g. Calvillo v. Chestnut, No. 1:26-cv-0569 DC CSK P, 2026 WL 253627 *3 (E.D. Cal. Jan. 31, 2026). Petitioner was not provided the required hearing.

Generally speaking, the recognized violation of petitioner's Fifth Amendment rights results in release. See Gudavasov v. Marin, No. 26-cv-00541 AH MBK, 2026 WL 712827, at *3 (C.D. Cal. Mar. 9, 2026) (collecting cases finding that release, rather than a post-detention bond hearing, is the appropriate remedy). Permitting respondents to hold the hearing now does not afford petitioner, or those similarly situated, sufficient protection as to the right not to be detained at all without a contemporaneous hearing. There do not appear to be any facts warranting departure from this general rule.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED as follows:

a. Respondents be ordered to release petitioner and not impose any restriction of petitioner's liberty not in place before petitioner was detained by ICE.

b. In the event the government seeks to re-detain petitioner, the government be ordered to provide petitioner with a bond hearing before an immigration judge either prior to or contemporaneous with arrest by ICE which will result in petitioner's release unless the government shows by clear and convincing evidence that a change in circumstances renders petitioner either an unacceptable risk of flight or danger to the community.

2. This recommendation does not address detention attendant an executable final order of removal with petitioner having received proper notice thereof.

3. The Clerk of the Court be directed to serve any order of release upon the California

City ICE Detention Facility.

4. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **SEVEN** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned “Objections to Magistrate Judge’s Findings and Recommendations.” Any response to the objections shall be served and filed within **SEVEN** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court’s order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 13, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
wu5964.imm.frs